FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 FEB 20 AM 9:42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JODY E. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-009 |
| | ) | |
| GLEN JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* ("IFP") and motion to dispense with photocopy requirement be **DENIED AS MOOT** (doc. nos. 2, 3), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

I.   **BACKGROUND**

This is not the first time Petitioner has requested habeas corpus relief in federal court; he previously filed a petition for relief in 1994. Allen v. Thomas, CV 194-020 (S.D. Ga. Jan. 20, 1994). Then and now, Petitioner challenges the same 1985 McDuffie

County, Georgia convictions obtained by virtue of Petitioner's guilty plea for kidnapping, armed robbery, and murder. Id.; doc. no. 1. That prior federal petition was extensively litigated: following an evidentiary hearing, the Court recommended that the petition be denied because Petitioner knowingly, voluntarily, intelligently, and with the able assistance of counsel agreed to waive any post-conviction remedies, including federal habeas corpus.[1] CV 194-20, doc. no. 32. Over Petitioner's objections, United States District Judge Dudley H. Bowen, Jr., adopted that recommendation as the opinion of the District Court. Id., doc. nos. 35, 36.

The Eleventh Circuit Court of Appeals reversed, finding that the State failed to establish that Petitioner knew anything about his right to seek federal habeas corpus relief or that he voluntarily waived that right. Allen v. Thomas, 161 F.3d 667, 672 (11th Cir. 1998). The Court of Appeals remanded for consideration of four grounds for federal habeas corpus relief: 1) the state trial court lacked jurisdiction and venue over the kidnapping and armed robbery charges; 2) the indictment was defective; 3) Petitioner's guilty plea was not knowingly, intelligently, and voluntarily entered, and 4) his counsel was ineffective. Upon remand, another evidentiary hearing was held, a recommendation that the petition be denied was entered, and Judge Bowen adopted that recommendation as the opinion of the District Court. CV 194-020, doc. nos. 93, 96 The Eleventh Circuit

---

[1] The procedural history of Petitioner's case is set forth in great detail in a prior Report and Recommendation of the Court. CV 194-020, doc. no. 93, *adopted by* doc. no. 96. The Court recounts only that portion currently relevant to Petitioner's second attempt at federal habeas corpus relief.

Court of Appeals affirmed, 265 F.3d 1063 (11th Cir. 2001) (Table), and the United States Supreme Court denied certiorari, 535 U.S. 199 (2002).[2]

Petitioner states that he then returned to state court in another attempt to challenge his convictions, but the trial court in McDuffie County and the Georgia Supreme Court rejected his attempts. Allen v. State, No. S13A1897 (Ga. Sept. 23, 2013). Having unsuccessfully pressed his arguments in state court, he is again before this Court attempting to challenge the voluntariness of his guilty plea and its attendant consequences. (See generally doc. no. 1, pp. 12-18.) The Court must screen the instant § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3]

## II. DISCUSSION

Within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the records of evidentiary hearings, Reports and Recommendations of this Court and adoption orders by Judge Bowen. See CV 194-20. Pursuant to the Court's power to take judicial notice of its own records and Petitioner's own acknowledgment of filing a prior federal habeas petition (doc. no. 1, p.

---

[2] Petitioner also filed motions for reconsideration that were denied by Judge Bowen. CV 194-020, doc. nos. 112, 113, 114, 115.

[3] In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

3

8), the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[4] 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as

---

[4] Although Petitioner was convicted prior to the enactment of AEDPA, because he seeks to file a second or successive petition after enactment of the statute, AEDPA's restrictions on filing a second or successive petition apply. In re Hill, 715 F.3d 284, 285, 290-92 (11th Cir. 2013).

required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . .").

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus, and this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP and motion to dispense with photocopy requirement be **DENIED AS MOOT** (doc. nos. 2, 3), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE